UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMESON HAMLIN, | : | |
| Petitioner, | : | 1:19-cv-0501 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| D.K. WHITE, | : | |
| Respondent. | : | |

# MEMORANDUM

**June 18, 2020**

Presently before the Court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, filed by Petitioner Jameson Hamlin ("Hamlin"), a federal inmate in the custody of the Federal Bureau of Prisons ("BOP") housed at the Allenwood Low Federal Correctional Institution, White Deer, Pennsylvania. He alleges that his due process rights were violated in the context of a disciplinary proceeding. The petition is ripe for disposition and, for the reasons that follow, will be denied.

**I.      BACKGROUND**

The BOP's disciplinary process is fully outlined in Code of Federal Regulations ("C.F.R."), Title 28, Sections 541 through 541.8 (2011). These regulations dictate the manner in which disciplinary action may be taken should a prisoner violate, or attempt to violate, institutional rules. The first step requires filing an incident report and conducting an investigation pursuant to 28 C.F.R. §

541.5. Staff is required to conduct the investigation promptly absent intervening circumstances beyond the control of the investigator. 28 C.F.R. § 541.5(b).

Following the investigation, the matter is referred to the Unit Disciplinary Committee ("UDC") for an initial hearing pursuant to 28 C.F.R. § 541.7. The UDC review/hearing is "ordinarily [held] within five work days after [the incident report] is issued" and does not include the initial day staff learns of the incident, weekends, or holidays. *See id*. at § 541.7(c). If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. *Id.* If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest or high category offenses, the UDC refers the matter to a Disciplinary Hearing Officer ("DHO") for a hearing. *Id.* Greatest Severity category offenses carry a possible sanction of, *inter alia*, loss of good conduct time credits. 28 C.F.R. § 541.3. Regulations require the Warden to give the inmate advance written notice of the charges no less than 24 hours before the DHO hearing and offer the inmate a full time staff member to represent him at the DHO hearing. *Id.* at § 541.8 (c) and (d).

On July 22, 2017, while incarcerated at the United States Penitentiary at Marion, Hamlin received Incident Report Number 3013281 charging him with Possession, Manufacture, introduction, or loss of a hazardous tool; Possession of anything not authorized for retention or receipt by the inmate, and not issued to

him through regular channels, based on the following:

> [A]t approximately 7:30 PM, I was making a round past cubicle J05-009L, which was assigned to inmate Hamlin, Jameson Reg. No. 45911-424. I noticed inmate Hamlin quickly roll over in his bed and drop a flat black object which appeared to be a cellular telephone behind the bed onto the floor. I ordered him to stand up, and conducted a pat search, during which I discovered a cigarette lighter in his pocket. I then conducted a search of the cubicle and discovered a Black LG cellular telephone on the floor under the bed.

(Doc. 5-1, p. 10). Lieutenant Blair provided him with advanced written notice of the charges on July 23, 2017, and again on August 8, 2017. (Doc. 5-1, p. 9). He was advised of his rights before the DHO on July 24, 2017, and on August 10, 2017. (*Id.*). On August 10, 2017, the Unit Discipline Committee ("UDC") convened and Hamlin offered "No comment." (*Id.* at 10). The UDC referred the Incident Report to the DHO for further proceedings based on the seriousness of the charges. (*Id.*)

At the DHO hearing, the inmate is "entitled to make a statement and present documentary evidence" and has the right to submit names of requested witnesses and have them called to testify and to present documents. 28 C.F.R. § § 541.8(f). The DHO shall "call witnesses who have information directly relevant to the charge[s] and who are reasonably available." *Id.* § 541.8(f)(2). The DHO need not call repetitive witnesses or adverse witnesses. *Id.* § 541.8(f)(3). The inmate has the right to be present throughout the DHO hearing except during "DHO deliberations or when [his] presence would jeopardize institution security, at the DHO's

3

discretion." *Id.* § 541.8(e). The DHO must "consider all evidence presented during the hearing." *Id.* § 541.8(f). "The DHO's decision will be based on at least some facts and, if there is conflicting evidence, on the greater weight of the evidence." *Id.* The DHO has the authority to dismiss any charge, find a prohibited act was committed, and impose available sanctions. *Id.* at § 541.8. The DHO must prepare a record of the proceedings sufficient to document the advisement of inmate rights, DHO's findings, "DHO's decision", specific "evidence relied on by the DHO" and must identify the reasons for the sanctions imposed. *Id.* at § 541.8(f)(2). A copy must be delivered to the inmate. *Id.*

Hamlin appeared before the DHO on August 29, 2017. (*Id.* at 9-11). The DHO reviewed with him his due process rights; he indicated that he understood those rights. (*Id.* at 9). He did not submit documentary evidence, did not request any witnesses, and did not seek staff representation. (*Id.*). In response to the DHO's request for a statement, he stated "[n]o comment." (*Id.*).

After considering the Incident Report, Hamlin's failure to offer statements, and the photographs of a black LG cellphone with the back cover removed, the DHO found as follows:

> [T]he Officer observed you roll over in your bed and drop a flat black object which appeared to be a cellphone behind the bed on the floor. The officer order[ed] you to stand up and pat searched you and found a cigarette lighter in your pocket. Then the officer conducted a search of the cubicle and discovered a black LG cellphone on the floor next to the bed. The DHO noted that you have not made a defense to the charge

4

>or made any statement in your defense throughout the discipline process to include the DHO hearing. While you certainly have the right to remain silent at all stages of the disciplinary process, I have in turn drawn an adverse inference from this decision of yours. The DHO believes if the inmate had a defense to the charge you would have at the very least, provided a written statement for consideration. Therefore, greater weight was given to the reporting officer's written statement.
>
>There is some evidence to support that you were in possession of a hazardous tool (cellphone) and in possession of anything not authorized, based upon the reporting officers documented report, photographs, and the greater weight of evidence; all shows you committed the prohibited act. Consequently the DHO finds that you committed the prohibited act of Possession of a Hazardous Tool (cellphone), Code 108, and Code 305, Possession of anything not authorized.

(*Id.* at 10). In imposing the sanctions of forty-one days loss of good conduct time and the loss of commissary, phone and visiting privileges, the DHO noted that the sanction were taken to express the seriousness of the infraction. (*Id.*). The DHO issued the report on October 5, 2017; it was delivered to Hamlin on October 2, 2018. (*Id.*).

Hamlin filed the instant petition on March 20, 2019, arguing that the delay of seventeen days between receipt of the disciplinary report and the UDC hearing rendered the disciplinary report invalid "as per B.O.P. Policy 5270.09 chapter 541.5 discipline process (c)." (*Id*. at 3). He also raises in his Traverse the impartiality of the DHO. (Doc. 6, p. 2).

## II.   **DISCUSSION**

Hamlin's claim that his due process rights were violated in the context of the disciplinary hearing process, and that these violations resulted in a loss of good conduct time, is properly the subject of this habeas petition because it directly impacts the duration of his confinement.  The Due Process Clause of the Fifth Amendment of the Constitution of the United States provides: "No person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. CONST. amend. V.  Federal inmates possess a liberty interest in good conduct time.  *See Wolff v. McDonnell*, 418 U.S. 539, 555-57 (1974); *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991).

When a prison disciplinary hearing may result in the loss of good conduct time credits, due process requires that the prisoner receive certain due process protections:  1) written notice of the claimed violation at least twenty-four (24) hours in advance of the hearing; 2) the opportunity to call witnesses and present documentary evidence when consistent with institutional and correctional goals; 3) assistance in presenting a defense if the inmate is illiterate; 4) an impartial tribunal; and 5) a written statement by the factfinder as to evidence relied on and reasons for the disciplinary action.  *See Wolff*, 418 U.S. at 564; *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

Where the due process requirements are met, the decision of the hearing

examiner will be upheld if there is "some evidence" in the record to support the decision. *Hill*, 472 U.S. 445, 455 (1985); *see also Young*, 926 F.2d at 1402-03 (applying *Hill* standard to federal prisoner due process challenges to prison disciplinary proceedings). The determination of whether the standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455.

The Court concludes that the disciplinary proceedings met the procedural due process requirements. Hamlin received a copy of the Incident Report on July 23, 2017, and on August 10, 2017, and his hearing before the DHO took place on August 29, 2017. He chose to proceed without a staff representative and waived his right to have witnesses appear on his behalf. He received a copy of the DHO's written decision, which included a review of the evidence relied upon and the rationale behind the disciplinary action.

Hamlin asserts that the seventeen day gap between receipt of the incident report and the UDC hearing violated his due process rights. This argument lacks merit. It is clear from the record that he received a copy of the incident Report on July 23, 2017, and again on August 10, 2017, and that the UDC hearing convened on August 10, 2017. Further, *Wolff* requires only that he receive written notice of

the claimed violation at least twenty-four hours in advance of the DHO hearing. As indicated s*upra*, he received a copy of the Incident Report on July 23, 2017, and on August 10, 2017, and his hearing before the DHO took place on August 29, 2017.

He next argues that he was denied an impartial decision maker. This argument is two-fold. He first argues that the DHO was impartial because he intentionally withheld the DHO Report for more than 1 year. (Doc. 6, p. 2). An inmate is entitled to a "written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Hill*, 472 U.S. at 454 (citing *Wolff*, 418 U.S. at 563-67). Accordingly, a failure to timely provide a DHO's report may constitute a violation of a Petitioner's due process rights. *Griffin v. Ebbert*, 640 F. App'x 181, 184 (3d Cir. 2016). To establish such a violation, however, the inmate must show that he was prejudiced by the prison's failure to timely provide the DHO's report, such as an inability to appeal the decision. *Id.* (citing *Wilson v. Ashcroft*, 350 F.3d 377, 381 (3d Cir. 2003)). It is clear that Hamlin pursued an appeal of the DHO's decision after receipt. (Doc. 6, p. 7). Because he fails to demonstrate that he was prejudiced by the prison's failure to timely provide the DHO report, he is not entitled to relief on this claim. *See Griffin*, 640 F. App'x at 184; *see also Cook v. Warden, Fort Dix Corr. Inst.*, 241 F. App'x 828, 829 (3d Cir. 2007) (upholding denial of habeas relief where petitioner had not timely received

copy of DHO report because "the delay had no prejudicial effect on Cook's administrative appeal and thus does not provide a basis for habeas relief").

He next challenges the DHO's impartiality because he "failed to make notations as required for the reasons as to why he was denied due process when staff per policy was required to deliver the incident report within 24 hours, an investigation completed within 24 hours and request any delay MUST be documented." (Doc. 6, p. 2). In the context of a prison disciplinary proceeding, the requirement of an impartial tribunal "prohibits only those officials who have a direct personal or otherwise substantial involvement ... in the circumstances underlying the charge from sitting on the disciplinary body." *See Meyers v. Aldredge*, 492 F.2d 296, 306 (3d Cir. 1974). In the matter *sub judice*, there is nothing to indicate that the DHO had a direct personal or otherwise substantial involvement, such as major participation in the investigation or in the circumstances underlying the charge. Hence, this argument is without merit.

### III. CONCLUSION

Based on the foregoing, the petition for writ of habeas corpus will be denied. A separate Order will enter.